HENRY DICKERSON

*v.*

JOHN SUTTON.

STATUTE OF LIMITATIONS — *when promise insufficient to take it out of.* A conditional promise to pay a debt barred by the statute, or a promise to pay it on a contingency not then transpired, is not sufficient to take it out of the statute of limitations.

APPEAL from the Circuit Court of McLean county; the Hon. JOHN M. SCOTT, Judge, presiding.

The opinion states the case.

Messrs. TIPTON & BENJAMIN, for the appellant.

Messrs. WILLIAMS & BURR, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of assumpsit on the common counts only, brought in the McLean Circuit Court, by John Sutton against Henry Dickerson. The pleas were the general issue and the statute of limitations, to which the plaintiff replied a new promise within five years and issue joined.

The cause was tried by a jury, and a verdict for the plaintiff. A motion for a new trial was made and overruled, and judgment entered on the verdict.

To reverse this judgment the record is brought here by appeal.

The evidence is very brief, and we give the substance of it.

*S. A. Moore* testified that he was a justice of the peace of the county, and had been for eight years; that, on the 15th of February, 1859, the plaintiff and defendant came into his office in a very excited manner; the plaintiff charged the defendant with having bought from Little O. Wall a horse, which he, the plaintiff, had bargained for; the defendant denied it; the plaintiff said he could prove it by Wright and Frank Dickerson's boy; the defendant said he could not prove it by them; something was said about a note; don't recollect what it was; but both parties agreed that the boy should be sent for, and say how it was about the purchase of the horse. The boy was sent for, and stated the case as the defendant had said it was. The plaintiff said that the boy lied; Frank Dickerson told the plaintiff that if he said that again he would knock him down. The plaintiff again said that the boy lied, and Frank Dickerson then struck the plaintiff; Frank Dickerson was arrested for an assault and battery. His trial was on the 18th day of February, 1859. He was fined three dollars for striking the plaintiff. The fine and costs amounted to about ten dollars, and are still unpaid.

*Henry Reams* testified that, about the middle of March, 1858, he gave a note for $112.50 to the plaintiff for the balance due him for one year's labor for him. Some time in the latter part of July, or in the forepart of August, 1859, he took up the note from the defendant, by letting him have a horse in payment. There was no indorsement on the note.

*M. H. Wiley* testified that last year he was with the plaintiff at LeRoy. Plaintiff called the defendant to one side, and asked him what he was going to do about that note; defendant said, " didn't I tell you I would pay you if you would pay the fine and costs against Frank Dickerson to Squire Moore, or

acknowledge that you had lied about my buying of Little O. Wall." The plaintiff said he could not do that. Immediately thereafter, the defendant was called away by somebody, and left without saying anything more.

This was all the evidence, and we look it through in vain, to find any new promise to pay the debt, sufficient to take the case out of the operation of the statute. At most, it was but a conditional promise, or a promise to pay on a contingency, which had not transpired. As to the effect of such promises see *Mellick* v. *De Seelhorst*, Breese, 221; *Kimmel* v. *Schwartz*, id. 278; *Keener* v. *Crull*, 19 Ill. 189; *Mullet* v. *Shrumph*, 27 id. 107; and such is the current of the authorities.

The statute of limitations was a bar to the action, and nothing was shown to take the case out of it. The judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

*Judgment reversed.*